UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$1,791.00 IN UNITED STATES CURRENCY,<br><br>Defendant.<br><br>[CLAIMANT: MERCY YASIL BURDIER GONZALEZ] | : | Civil No. 3:19CV1918<br><br>December 5, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

The plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and Julie G. Turbert, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty Maritime and Forfeiture Claims:

NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $1,791.00 in United States currency ("Defendant Currency"), for violation of 21 U.S.C. § 881(a)(6).

THE DEFENDANT IN REM

2. The defendant consists of the following: $1,791.00 in United States currency. The $1,791.00 was seized from Lliver Francisco Abreu-Baez in Waterbury, Connecticut on March 20, 2019. The Defendant Currency is presently in the custody of United States Marshals Service.

3. On September 6, 2019, Mercy Yasil Burdier Gonzalez ("Claimant") submitted a claim of ownership to the Defendant Currency.

JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. 1355(b). Upon the filing of this verified complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the property is located in this district.

BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

SEIZURE OF $1,791.00 IN UNITED STATES CURRENCY

8. On March 13, 2019, a Federal Grand Jury returned a thirteen-count Indictment charging Lliver Francisco Abreu-Baez ("Abreu-Baez") with conspiracy to distribute, and to possess with intent to distribute, heroin, cocaine, and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i).

9. The Indictment charges Lliver Francisco Abreu-Baez with knowingly and intentionally conspiring to distribute, and possessing with intent to distribute controlled substances from approximately February 2018 through approximately March 2019. Through the investigation, it was learned that Abreu-Baez operates the Betances Grocery bodega located at 888 N. Main Street in Waterbury, Connecticut. Intelligence also indicated that Abreu-Baez distributed heroin from this location.

10. On March 19, 2019, a federal search warrant was issued for Lliver Francisco Abreu-Baez's residence of 169 Rosengarten Drive, Waterbury, Connecticut, as well as an arrest warrant for Abreu-Baez.

11. On March 20, 2019, law enforcement executed the search warrant at Abreu-Baez's residence located at 169 Rosengarten Drive, Waterbury, Connecticut. Law enforcement made entry and secured Abreu-Baez, who was found in his upstairs bedroom. Officers noticed a handgun in the bedroom. After Abreu-Baez was advised of his rights, he notified the officers that there were at least 200 grams of narcotics in the attic, two legally-owned handguns in his bedroom, and an unknown amount of United States currency by his bed.

12. Law enforcement officers found two loaded handguns, a drug ledger, a cellular telephone that had previously been intercepted during the preceding investigation, and $1,791 in United States currency in a drawer of Abreu-Baez's nightstand in his bedroom. In the attic,

agents located approximately 2,400 bags of prepackaged heroin, at least 250 grams of suspected heroin, and multiple items, including stamping tools and a blender, used in the processing and packaging of street level heroin.

13. Upon clearing the remainder of the residence, agents located the other occupants in a second bedroom, identified as Abreu-Baez's mother, Romona Altagracia-Baez, a relative from New Jersey, Mercy Burdier-Gonzalez, and Abreu-Baez's young children all under the age of fourteen. Neither Romona Altagracia-Baez nor Mercy Burdier-Gonzalez made any official statements regarding the seized narcotics or the seized U.S. Currency.

14. Abreu-Baez was arrested pursuant to the arrest warrant and on September 26, 2019, the Federal Grand Jury returned a Twenty-two Count Superseding Indictment charging Lliver Fracisco Abreu-Baez with conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i); possession with intent to distribute 100 grams or more of Acetylfentanyl and 40 grams or more of Fentanyl in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(vi); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

15. On October 25, 2019, Abreu-Baez entered a Plea of Not Guilty on Counts One, Fourteen, and Twenty. Jury Selection is currently scheduled for Abreu-Baez's trial on January 27, 2020. *See United States v. Jordan et al*, Criminal No. 3:19CR74 (JCH).

## CONCLUSION

16. The Defendant Currency was seized by the Drug Enforcement Administration on March 20, 2019 because it constitutes (1) money, negotiable instruments, securities and other

things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for the Defendant, $1,791.00 in United States currency, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Julie G. Turbert*

JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY
ATTORNEY BAR # ct23398
157 CHURCH STREET
NEW HAVEN, CT 06510
TELEPHONE: (203) 821-3700
FAX: (203) 773-5373
EMAIL: Julie.Turbert@usdoj.gov

DECLARATION

I am a Special Agent with the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of December, 2019.

*/s/ Frank Castiglione*
FRANK CASTIGLIONE
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION